# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM JOHNSON, | Case No. 23-CV-2559 (PJS/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| DEPARTMENT OF TRANSPORTATION and CIVIL RIGHTS CDOT, | |
| Defendants. | |

William Johnson, *pro se*.

This matter comes before the Court on plaintiff William Johnson's (1) Complaint, ECF No. 1; and (2) Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 ("IFP Application"). For the following reasons, the Court dismisses the Complaint without prejudice for lack of jurisdiction and denies the IFP Application as moot.

The Complaint names two defendants: (1) the "Department of Transportation," which the Court construes as referring to the U.S. Department of Transportation ("DOT"); and (2) "Civil Rights CDOT," which the Court construes as referring to the DOT's Departmental Office of Civil Rights. *See* Compl. 2. The Complaint has one paragraph of substantive allegations, reprinted here in full:

> [T]he department of transportation manager refuse to proprely work my case and told me he was going to mishandle my case and that was exactly what he did, then I tried to file a investigation with the US civil department and they also refuse to do so, I have proof.

*Id.* at 4 (errors in original).  As to relief, the Complaint asserts that Johnson believes that he is "ow[]ed money." *Id.*

The Court lacks jurisdiction over this suit as presently pleaded.  The problem is sovereign immunity.  As the U.S. Supreme Court has made clear, "the United States may not be sued without its consent," and "the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (citing cases); *see also, e.g.*, *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009) (making same points (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).  There are, of course, a variety of statutes under which the United States—through Congress—has consented to suit.  *See generally* 33 Richard Murphy, Federal Practice and Procedure § 8351 (2d ed., updated through April 2023) (discussing various such statutes).  But Johnson makes no attempt to show that any of these statutes applies here, and the burden to do so is on him.  *See, e.g.*, *V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

To be sure, Johnson has not directly sued the United States.  Instead, as the Court understands his Complaint, he has sued the DOT and a DOT subagency.  But sovereign immunity protects federal agencies as well as the United States itself.  *See, e.g.*, *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (quoting *Meyer*, 510 U.S. at 475); *Compart's Boar*

2

*Store, Inc. v. United States*, 829 F.3d 600, 604 (8th Cir. 2016) (same).  And so sovereign immunity deprives this Court of jurisdiction over Johnson's claims.

For these reasons, the Court will dismiss this action without prejudice for lack of jurisdiction and deny the IFP Application as moot.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. William Johnson's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. Johnson's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2, is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 19, 2023              s/Patrick J. Schiltz_____
                                       Patrick J. Schiltz, Chief Judge
                                       United States District Court